NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**EDWARD J. TUCKER, JR.,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2012-7081

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 10-3387, Judge Alan G. Lance, Sr.

---

Decided: June 11, 2012

---

EDWARD J. TUCKER, JR., of Dallas, Texas, pro se.

A. BONDURANT ELEY, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN F. HOCKEY, JR., Assistant Director.

Of counsel on the brief was MICHAEL J. TIMINSKI, Deputy Assistant General Counsel, United States Department of Veterans Affairs, of Washington, DC.

_____

Before NEWMAN, MOORE, and O'MALLEY, *Circuit Judges*.

PER CURIAM.

Edward J. Tucker, Jr. ("Mr. Tucker") appeals from the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming the judgment of the Board of Veterans Appeals ("Board"). *Tucker v. Shinseki*, No. 10-3387, 2012 WL 28657 (Vet. App. Jan. 6, 2012) ("*Vet. Ct. Op.*"). The Board determined that the U.S. Depatment of Veterans Affairs ("VA") had met its duty to assist Mr. Tucker and that the evidence in the record did not establish a service connection for his multiple sclerosis ("MS"). Appealing from this decision to the Veterans Court, Mr. Tucker argued that the Board erred in determining that the VA satisfied its duty to assist because the Board did not determine the reason for his discharge and it failed to obtain a medical nexus opinion. *Vet. Ct. Op.* at *1–3. The Veterans Court affirmed the Board's judgment because it concluded that the Board did not err when it determined that the VA had satisfied its duty to assist Mr. Tucker. *Vet. Ct. Op.* at *5. On appeal, Mr. Tucker in his informal brief, submitted on Form 13, provides no argument as to why this court should reverse the Veterans Court's judgment; he simply asserts that the Veterans Court's decision "involve[d] the validity or interpretation of a statute or regulation." After reviewing the Veterans Court's decision, we conclude that it does not involve the validity or interpretation of a statute or regulation. Mr. Tucker's appeal, therefore, does not raise any issue over which we have jurisdiction. We, accordingly, *dismiss* for lack of jurisdiction.

BACKGROUND

Mr. Tucker served in the U.S. Army from April 1977 to September 1977. In his enlistment medical history report, Mr. Tucker indicated that he had "ear, nose or throat trouble; cramps in his legs; frequent indigestion; stomach, liver, or intestinal trouble; gall bladder trouble or gallstones; and bed wetting." *Vet. Ct. Op.* at *1. He indicated that he did not suffer from any other ailments. Appendix ("A") 14. Importantly, his enlistment medical examination report found no abnormalities and diagnosed him with no disabilities. During a July 1977 physical examination, Mr. Tucker reported "excessive bleeding; frequent or severe headaches; dizziness or fainting; ear trouble; recent gain or loss of weight; arthritis, rheumatism, or bursitis; frequent trouble sleeping; depression or excessive worry; loss of memory or amnesia; nervous trouble; and periods of unconsciousness." *Vet. Ct. Op.* at *1. None of his service treatment records shows that he was treated for MS at any time during his five months of active service, however. A14.

Just prior to his discharge, Mr. Tucker chose not to undergo a separation physical examination and signed a "Statement of Medical Condition," indicating that there was no change in his medical condition since his last examination. *Id.* Shortly thereafter, Mr. Tucker was discharged from the Army. His discharge paperwork provides no explanation for his discharge, however. In an August 2007 VA hearing, Mr. Tucker stated that "they asked me why [I wanted to be discharged], so I said I don't think I can soldier much longer . . . because I'm so tired." *Vet. Ct. Op.* at *1. His MS was first diagnosed in 1999 or 2000. None of his post-service VA or private treating physicians has related his current MS to active service. A16.

After being diagnosed with MS, Mr. Tucker filed a claim for service connection. In October 2006, the Regional Office in Waco, Texas ("RO") issued a rating decision denying Mr. Tucker's claim for service connection. A9. Mr. Tucker appealed this decision to the Board. The Board determined that the VA had satisfied its duty to assist Mr. Tucker and that the preponderance of the evidence was against his claim for service connection for MS. A9, 11. On appeal before the Veterans Court, Mr. Tucker argued that the VA failed to satisfy its duty to assist by: (1) not determining the basis for his discharge, making it impossible for him to determine "whether there are additional service personnel, medical, or other service department record[s] which may be relevant"; and (2) failing to obtain a VA examination or medical nexus opinion. *Vet. Ct. Op.* at *1–2. The Veterans Court noted that the VA's duty to assist extends only to relevant records that are sufficiently identified by the claimant. *Vet. Ct. Op.* at *2. Despite this requirement, Mr. Tucker had not identified any relevant documents that the VA failed to obtain. *Id.* Indeed, the Veterans Court found that Mr. Tucker did not undergo any examination when he was in service that would contain information relevant to his claim. *Id.* ("[H]e does not assert that he actually underwent such an examination and, in August 2007, he stated that he did not undergo any examination when discharged from service."). Accordingly, the Veterans Court concluded that Mr. Tucker had failed to demonstrate that the Board clearly erred in finding that the VA satisfied its duty to assist.

With respect to Mr. Tucker's second alleged error, the Veterans Court held that the Board did not err when it concluded that a VA medical examination or nexus opinion was not necessary to satisfy the duty to assist. *Vet. Ct. Op.* at *3. Reaching this conclusion, the Veterans

Court explained that a nexus opinion is not necessary where "there is *no* competent medical evidence that a claimant's disability is related to his military service." *Id.* (citing *Wells v. Principi,* 326 F.3d 1381 (Fed. Cir. 2003)). The Veterans Court noted that, in this case, there was no "indication that the disability . . . [was] associated with the veteran's service or with another service-connected disability."[1]  *Vet. Ct. Op.* at *4.  For these reasons, the Veterans Court affirmed the Board's denial of service connection for Mr. Tucker's MS.

DISCUSSION

I.

Our review of Veterans Court decisions is limited by statute. *See Yates v. West,* 213 F.3d 1372, 1373–74 (Fed. Cir. 2000).  Our jurisdiction over appeals from the Veterans Court is limited to those appeals that challenge the validity of a decision of the Veterans Court with respect to a rule of law or the validity of any statute or regulation, any interpretations thereof, or that raise any constitutional controversies.  *See* 38 U.S.C. § 7292 (2006).  We do

---

[1]  The only evidence in the record that suggested that Tucker had MS while in service was his own statements indicating such, and a statement from a VA neurologist, stating that it was possible that symptoms Tucker reported while in service could be early symptoms of MS.  The Board and the Veterans Court found this evidence not to be credible because: (1) it was based on Tucker's own statements that were contradicted by his admission that he had never reported or sought treatment for MS-related symptoms during service; (2) the first post-service record of MS was more than 20 years after his discharge; (3) his statements were affected by his self interest in receiving VA compensation; and (4) there is no obligation to accept medical opinions when the opinions are based exclusively on the statements of the claimant that have been deemed not credible. *Vet. Ct. Op.* at *3–4.

not have jurisdiction to hear appeals challenging factual determinations or the application of law to the facts of a particular case, unless there is a constitutional issue present. *See* 38 U.S.C. § 7292(d)(2) (2006).

## II.

On appeal, Mr. Tucker makes no arguments in support of his contention that the Veterans Court's judgment should be reversed. In his informal brief, submitted using Form 13 provided by this court, he merely checked "yes" next to question 2, indicating that the Veterans Court's decision involved the validity or interpretation of a statute or regulation. He indicated no other basis for this appeal. In response, the government argues that we lack jurisdiction to hear this appeal because, in this case, the Veterans Court merely applied the statute governing the duty to assist, 38 U.S.C. § 5103A, to the facts of the case; it did not interpret the statute. We are cognizant that the veterans benefit compensation system is "uniquely pro-claimant," *McGee v. Peake*, 511 F.3d 1352, 1357 (Fed. Cir. 2008) (quoting *Hensley v. West*, 212 F.3d 1255, 1262 (Fed. Cir. 2000)), and that the VA "is expected to resolve all issues by giving the claimant the benefit of any reasonable doubt." *Hodge v. West*, 155 F.3d 1356, 1362–63 (Fed. Cir. 1998) (quoting H. R. Rep. No. 100-963, at 13 (1988), reprinted in 1988 U.S.C.C.A.N. 5782, 5794–95). After carefully reviewing the record and the decisions below in light of Mr. Tucker's assertion that the Veterans Court erroneously determined the validity of, or interpreted a regulation or statute, however, we agree with the government that we lack jurisdiction to hear this appeal.

Here, the Veterans Court merely applied the relevant statute and case law to the facts at hand. After reviewing both the Board's and the Veterans Court's decisions, we fail to see any instance of either tribunal interpreting a

statute or regulation, or determining the validity thereof. *See Forshey v. Principi*, 284 F.3d 1335, 1349 (Fed. Cir. 2002) (superseded on other grounds by Veterans Benefits Act of 2002, Pub. L. No. 107–330, § 402(a), 116 Stat. 2820, 2832) ("[A]n interpretation of a statute or regulation occurs when its meaning is elaborated by the court."). Absent a constitutional issue, this court may not review the Veterans Court's "application of a legal standard to the facts of the particular case to determine whether there has been an error that is essentially factual in nature . . . ." *Szemraj v. Principi*, 357 F.3d 1370, 1375 (Fed. Cir. 2004) (citing *Lennox v. Principi*, 353 F.3d 941, 946 (Fed. Cir. 2003) and *Cook v. Principi*, 353 F.3d 937, 939 (Fed. Cir. 2003)). Mr. Tucker concedes that this case involves no constitutional issues. In essence, Mr. Tucker disagrees with the Veterans Court's determination that it was not error for the Board to have determined that the VA satisfied the duty to assist. Both of these determinations are based on the Board's mere application of controlling case law to the relevant facts, however—namely, that the duty to assist was satisfied because there were no additional relevant records available that Mr. Tucker identified and no nexus opinion was necessary because there was no competent evidence to indicate that his MS may be service related. These are determinations that we have no jurisdiction to review. *See DeLaRosa v. Peake*, 515 F.3d 1319, 1322 (Fed. Cir. 2008) ("The Board made a factual finding that a medical opinion was not necessary to decide the claim under § 5103A(d). . . . Our jurisdiction precludes us from reviewing factual findings or even the application of law to facts."). Accordingly, we dismiss for want of jurisdiction.

**DISMISSED**

## Costs

Each party shall bear its own costs.