Tommy A. WELLS, Claimant–Appellant,

v.

Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent–Appellee.

No. 02–7404.

United States Court of Appeals, Federal Circuit.

DECIDED: April 29, 2003.

James W. Stanley, Jr., of North Little Rock, AR, argued for claimant-appellant.

Kathleen A. Kohl, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, argued for respondent-appellee. With her on the brief were David M. Cohen, Director; and Brian M. Simkin, Assistant Director. Of counsel on the brief were Donald E. Zeglin, Deputy Assistant General Counsel, and Y. Ken Lee, Attorney, Department of Veterans Affairs, of Washington, DC.

Before LINN, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and PROST, Circuit Judge.

FRIEDMAN, Senior Circuit Judge.

This case involves the scope of the statutory obligation of the Secretary of Veterans Affairs to provide a veteran with a medical examination and medical opinions as part of the Secretary's duty to assist the veteran in developing his claim. The Court of Appeals for Veterans Claims ("Veterans Court") held that the Secretary had not violated his duty to assist. We affirm.

## I

The appellant Tommy A. Wells served in the Arkansas National Guard from 1978 to 1993, and on active duty there from March to June 1978. Although he had had a hernia operation at age 17, both his enlistment and active-duty separation physical examinations showed that he was in good physical condition with no known hernia, spine or lower extremities problems. While on active duty he was treated for knee pain and an injury to his right foot.

In 2000, Wells applied to a Department of Veterans Affairs Regional Office for service-connected disability compensation benefits for hernia, degenerative disc disease, and residuals of injuries to both knees. He included with his claim letters from his personal physician stating that his medical conditions were disabling.

The Regional Office wrote him in May 2000 that his application for benefits was "incomplete," and "explain[ed] what evidence you must give us to complete your claim." The letter stated that he must:

**Show Linking Evidence:** Your claim must include medical evidence, preferably a doctor's statement, showing a reasonable possibility that the disability you now have **was caused by** injury or disease which began or was made worse during military service. Your own statement that your current medical condition was caused by what happened to you in service is not sufficient. We need medical evidence.

The letter further stated:

**Specific Evidence We Need to Complete Your Application:** The issue(s) for which you have claimed service connection require(s) the following evidence to make the claim(s) well-grounded:

Medical evidence of current disability for your hernia. Medical evidence showing your claimed conditions began in service or was aggravated by service and medical evidence linking your claimed conditions to your military service.

**VA's Duty to Assist Once A Well-Grounded Claim Is Established**

Once a well-grounded claim is established, we can assist you in obtaining *additional* evidence necessary to establish entitlement to compensation. We will request private medical records and related evidence as well as records from other government agencies such as Social Security. We may also schedule a VA examination to evaluate the severity of those claimed disabilities which are determined to be well-grounded.

Wells submitted nothing additional, and the Regional Office denied his claim. It ruled that he had not shown service connection for the disabilities he asserted. The Board of Veterans Appeals, in a lengthy opinion that discussed the legal standards and the evidence in detail, affirmed. The Board ruled that the Regional Office "has met its duty to assist the appellant in the development of these claims," noting that in the May 2000 letter Wells was "given notice of the information, medical evidence, or lay evidence necessary to substantiate the claims."

The Veterans Court affirmed. The court upheld the Board's findings that there was no evidence that the four disabilities upon which Wells relied were service connected. The court further held:

In this case, the Board was under no obligation to obtain a medical opinion. As the record demonstrates, there is no competent evidence that the appellant's disability or symptoms are associated with his service in the Guard.

## II

Prior to 2000, the statute defining the Secretary's duty to aid a veteran in presenting a claim stated:

The Secretary shall assist such a claimant in developing the facts pertinent to the claim. Such assistance shall include requesting information as described in section 5106 of this title.

38 U.S.C. § 5107(a) (1994).

In the Veterans Claims Assistance Act of 2000, Pub. L. No. 106–475, 114 Stat. 2096 (2000), Congress replaced this provision with the following language:

(a) DUTY TO ASSIST. (1) The Secretary shall make reasonable efforts to assist a claimant in obtaining evidence necessary to substantiate the claimant's

claim for a benefit under a law administered by the Secretary.

38 U.S.C. § 5103A(a)(1) (2000).

Congress also expanded the provision to specify in detail the various ways in which the Secretary is to perform his duty to assist. Section 5103A(d), which is captioned "MEDICAL EXAMINATIONS FOR COMPENSATION CLAIMS," states:

(1) In the case of claim for disability compensation, the assistance provided by the Secretary under subsection (a) shall include providing a medical examination or obtaining a medical opinion when such an examination or opinion is necessary to make a decision on the claim.

(2) The Secretary shall treat an examination or opinion as being necessary to make a decision on a claim for purposes of paragraph (1) if the evidence of record before the Secretary, taking into consideration all information and lay or medical evidence (including statements of the claimant)—

(A) contains competent evidence that the claimant has a current disability, or persistent or recurrent symptoms of disability; and

(B) indicates that the disability or symptoms may be associated with the claimant's active military, naval, or air service; but

(C) does not contain sufficient medical evidence for the Secretary to make a decision on the claim.

*Id.* § 5103A(d).

In the present case, the Regional Office, on informing Wells that his initial application for benefits was "incomplete," stated what additional evidence he should submit. It told him his claim "must include medical evidence, preferably a doctor's statement, showing a reasonable possibility that the disability you now have was caused by

injury or disease which began or was made worse during military service. Your own statement that your current medical condition was caused by what happened to you in service is not sufficient. We need medical evidence." It further stated that "[o]nce a well-grounded claim is established, we can assist you in obtaining *additional* evidence necessary to establish entitlement to compensation. We will request private medical records and related evidence as well as records from other government agencies such as Social Security. We may also schedule a VA examination to evaluate the severity of those claimed disabilities which are determined to be well-grounded." Wells did not submit such additional evidence.

Wells argues, however, that as a matter of law the assistance the Regional Office gave him did not satisfy the Secretary's statutory obligation under 38 U.S.C. § 5103A(a) to "assist a claimant in obtaining evidence necessary to substantiate the claimant's claim for a benefit under a law administered by the Secretary." His contention, as elaborated at oral argument, apparently is that once a veteran shows that he is disabled (as Wells allegedly did in this case by submitting the reports of his personal physician so stating), that triggers the Secretary's obligation under § 5103A(d) of "providing a medical examination or obtaining a medical opinion."

This argument ignores the specific provisions of the latter section that define the Secretary's obligation to provide medical examinations or obtain medical opinions. Subsection (d)(1) requires the Secretary to do so only "when such an examination or opinion is necessary to make a decision on the claim." It provides that "[t]he Secretary shall treat an examination or opinion as being necessary to make a decision on a claim for purposes of paragraph (1) if the evidence of record before the Secretary

... (B) indicates that the disability or symptoms may be associated with the claimant's active military, naval, or air service; but (C) does not contain sufficient medical evidence for the Secretary to make a decision on the claim." In other words, the veteran is required to show some causal connection between his disability and his military service. A disability alone is not enough.

Since veterans' disability claims ordinarily are made only when the veteran contends that he is disabled, the effect of Wells' contention would be to eliminate the specific limitations on the Secretary's obligation to provide a medical examination or obtain a medical opinion in a large number of cases. Wells has presented no basis for his sweeping interpretation of the Secretary's statutory obligation to assist veterans in presenting benefits claims.

As noted, the Veterans Court held that "[i]n this case, the Board was under no obligation to obtain a medical opinion. As the record demonstrates, there is no competent evidence that the appellant's disability or symptoms are associated with his service in the Guard." If Wells is contending that the Veterans Court erred in that evidentiary ruling, the short answer is that that issue involves either "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *See* 38 U.S.C. § 7292(d)(2) (2000). Under that statute, we have no jurisdiction to review such rulings.

## CONCLUSION

The judgment of the Veterans Court is *AFFIRMED.*