# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 04-0491

JONATHAN L. HAAS, APPELLANT

V.

ERIC K. SHINSEKI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Remand from the U.S. Court of Appeals for the Federal Circuit

(Decided March 10, 2009)

*Louis J. George* and *Barton F. Stichman*, both of Washington, D.C., were on the brief for the appellant.

*Paul J. Hutter,* General Counsel; *R. Randall Campbell*, Assistant General Counsel; *Brian B. Rippel*, Deputy Assistant General Counsel, and *William L. Puchnick*, all of Washington, D.C., were on the brief for the appellee.

Before HAGEL, MOORMAN, and LANCE, *Judges.*

MOORMAN, *Judge*:  The appellant, U.S. Navy veteran Jonathan L. Haas, appeals a February 20, 2004, Board of Veterans' Appeals (Board) decision that denied entitlement to service connection for diabetes mellitus, with peripheral neuropathy, nephropathy, and retinopathy, all secondary to exposure to herbicide agents during his Vietnam-era service.[1]  Record (R.) at 11. Following the submission of briefs and oral argument, the Court issued a unanimous opinion on August 16, 2006, reversing the Board's determination that the appellant was not entitled to the presumption of exposure to herbicides and remanding for readjudication.  *Haas v. Nicholson*, 20 Vet.App. 257 (2006).  Subsequently, this Court's decision was reversed by the U.S. Court of

---

[1] "Neuropathy" is defined as "a disease involving the cranial nerves or the peripheral or autonomic nervous system"; "nephropathy" is "any disease of the kidney"; and "retinopathy" is a "noninflammatory degenerative disease of the retina."  STEDMAN'S MEDICAL DICTIONARY 1211, 1191, 1560 (27th ed. 2000).

Appeals for the Federal Circuit (Federal Circuit) in a 2-to-1 decision, and the matter was remanded. *Haas v. Peake*, 525 F.3d 1168 (Fed. Cir. 2008), *cert. denied*, 129 S. Ct. 1002 (U.S. Jan. 21, 2009). The Federal Circuit issued its mandate on October 16, 2008. For the following reasons, the Court will vacate in part the Board decision and will remand the claim for further proceedings consistent with this opinion.

## I. BACKGROUND

In *Haas v. Nicholson*, this Court held that 38 U.S.C. §1116(f) is ambiguous as to the phrase "served in the Republic of Vietnam" and that this statute did not by its terms limit application of the presumption of service connection for herbicide exposure to those who set foot on the soil of the Republic of Vietnam. 20 Vet.App. at 263-65. The Court further held that the Secretary's regulation, 38 C.F.R. § 3.307(a)(6)(iii), is ambiguous regarding whether service on the land in Vietnam is required for the presumption to apply and that the Secretary's interpretation of its regulatory definition of the phrase was plainly erroneous and unreasonable and, therefore, not entitled to deference. *Id.* at 269-75. Finally, the Court held that the provisions of the *VA Adjudication Procedure Manual* (M21-1) in effect at the time the appellant filed his claim in 2001 entitled him to a presumption of service connection based upon his receipt of the Vietnam Service Medal (VSM); and that VA's attempt to rescind that version of the M21-1 provision more favorable to the appellant was ineffective because VA did not comply with the notice and comment requirements of the Administrative Procedures Act (APA), 5 U.S.C. § 706(2)(A). *Haas*, 20 Vet.App. at 275-78. The Court also determined that, in light of its reversal as to presumptive service connection, it was not necessary to consider the Secretary's concession for a remand under direct service-connection principles. *Id.* at 278-79.

In reviewing this Court's decision in *Haas v. Nicholson*, the Federal Circuit held that the phrase "served in the Republic of Vietnam" in section 1116 is ambiguous and further held that the Secretary's requirement that a veteran have been present within the land borders of Vietnam at some point in the course of his duty constitutes a permissible interpretation of the statute and its implementing regulation. *Haas v. Peake*, 525 F.3d at 1183, 1187-95. The Federal Circuit concluded that the pertinent pre-2002 version of the M 21-1 was an interpretative statement, not a substantive

rule that could be amended only by APA notice-and-comment rulemaking. *Id.* at 1196. The Federal Circuit, therefore, reversed this Court's judgment.

## II. ANALYSIS

Based on the Federal Circuit's binding precedent in its decision on this appeal, *see Bethea v. Derwinski*, 2 Vet.App. 252, 254 (1992), this Court will affirm that part of the Board decision that denied service connection for type-II diabetes mellitus, peripheral neuropathy, nephropathy, and retinopathy, claimed as loss of eyesight, based on a presumption that he was exposed to herbicides.

Regarding entitlement to service connection for diabetes mellitus, peripheral neuropathy, nephropathy, and retinopathy, claimed as loss of eyesight, on a direct service-connection basis, the Secretary concedes that a remand is warranted. First, the Secretary concedes that a remand is warranted because the Board provided an inadequate statement of reasons or bases for its decision. Secretary's Brief at 14-16. The Secretary notes that the Board overlooked certain service medical records (SMRs), including an August 1968 provisional diagnosis of "R/O [rule out] diabetes mellitus" (R. at 140) and did not discuss an October 1967 medical record showing an "abnormal glucose tolerance test," which was found not to have existed prior to enlistment (R. at 124). *See* R. at 15-16 (Form DD 214, Certificate of Release or Discharge from Active Duty, certifying Mr. Haas's service on active duty in the U.S. Navy from September 1959 to September 1960, and from May 1963 to June 1970).

The Court agrees with the Secretary's concession of error. In its decision here on appeal, the Board concluded that "[t]he appellant's service medical records are silent as to diabetes." R. at 5. The Board's conclusion lacked an adequate statement of reasons or bases because it failed to address the relevant SMRs noted above, and the decision frustrates judicial review. *See* 38 U.S.C. § 7104(a) (requiring Board decision to be based on consideration of all evidence and material of record); 38 U.S.C. § 7104(d) (requiring Board decision to include reasons or bases for findings and conclusions on all material issues of fact and law presented on the record); *Allday v. Brown*, 7 Vet.App. 517, 527 (1995) (holding that Board's statement must be adequate to enable a claimant to understand the precise basis for its decision, as well as to facilitate review in this Court). Because the Board's statement of reasons or bases is inadequate, remand is appropriate. *See Tucker v. West*, 11 Vet.App. 369, 374 (1998) (remand is appropriate "where the Board has incorrectly applied the

3

law, failed to provide an adequate statement of reasons or bases for its determinations, or where the record is otherwise inadequate"). The Court will vacate the Board's determination that type-II diabetes mellitus with peripheral neuropathy, nephropathy, and retinopathy (claimed as loss of eyesight) "was not incurred in or aggravated during active service." R. at 3, 8.

Second, the Secretary concedes that a remand is warranted because VA failed to provide the appellant with a VA medical examination. In the decision here on appeal, the Board noted that the appellant was not afforded a VA examination, but stated "the Board sees no areas in which further development may be fruitful" and that the duty to assist had been "substantially met by the RO [(regional office)]." R. at 10. The Secretary concedes that the Board failed to ensure VA compliance with its duty to assist by providing the appellant with a VA medical examination to determine the etiology of his type-II diabetes, to include peripheral neuropathy, nephropathy, and retinopathy (claimed as loss of eyesight). Secretary's Brief at 14-18. The Secretary specifically states that a current VA examination is warranted to determine whether it is at least as likely as not that the appellant's type-II diabetes mellitus was incurred in or aggravated by active service and to determine whether it is at least as likely as not that either peripheral neuropathy, nephropathy, or retinopathy (claimed as loss of eyesight) is due to service or secondary to diabetes mellitus. *Id.* at 18. The Court agrees.

In disability compensation claims, the Secretary's duty to assist requires that he provide a VA medical examination when there is (1) competent evidence of a current disability or persistent or recurrent symptoms of a disability, and (2) evidence establishing that an event, injury or disease occurred in service or establishing certain diseases manifesting during an applicable presumptive period for which the claimant qualifies, and (3) an indication that the disability or persistent or recurrent symptoms of a disability may be associated with the veteran's service or with another service-connected disability, but (4) insufficient competent medical evidence on file for the Secretary to make a decision on the claim. 38 U.S.C. § 5103A(d); *Paralyzed Veterans of Am. v. Sec'y of Veterans Affairs*, 345 F.3d 1334, 1354 (Fed. Cir. 2003); *Wells v. Principi*, 326 F.3d 1381, 1384 (Fed. Cir. 2003); *McLendon v. Nicholson*, 20 Vet.App. 79, 81 (2006); 38 C.F.R. § 3.159(c)(4)(i)(2008). When determining whether an examination is necessary under section 5103A(d), the Secretary shall consider the evidence of record, taking into consideration "all information and lay or medical evidence (including statements of the claimant)." 38 U.S.C.

4

§ 5103A(d)(2). Further, "[t]he Board's ultimate conclusion that a medical examination is not necessary pursuant to [38 U.S.C. § 5103A(d)] is reviewed under the 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law' standard of review." *McLendon*, 20 Vet.App. at 81; *see* 38 U.S.C. § 7261(a)(3)(A).

The Court agrees with the Secretary that the Board erred in its determination that the duty to assist did not require VA to provide a medical examination. Turning to the factors enumerated in *McLendon*, the Board acknowledged that the appellant has a current diagnosis of diabetes. R. at 8. The "in-service event" is, as conceded by the Secretary, the appellant's SMRs that include the October 1967 medical report showing an "abnormal glucose tolerance test" and an August 1968 provisional diagnosis of "R/O [rule out] diabetes mellitus." R. at 124, 140. This is sufficient to satisfy the second prong of *McLendon*.

The third prong, requiring that the evidence of record "indicate" that "the claimed disability or symptoms may be associated with the established event," establishes "a low threshold" for determining when the Secretary is required to furnish a medical examination. 20 Vet.App. at 83. The Court went on to note that "[t]he types of evidence that 'indicate' that a current disability 'may be associated' with military service include, but are not limited to, medical evidence that suggests a nexus but is too equivocal or lacking in specificity to support a decision on the merits, or credible evidence of continuity of symptomatology such as pain or other symptoms capable of lay observation." *Id.* In this case, as noted by the Secretary, the appellant has stated that his disabilities (diabetes, peripheral neuropathy, and loss of eyesight) began in 1980, and he received treatment at a VA hospital in Phoenix, Arizona. R. at 318; *see also* R. at 566 (July 15, 2003, sworn testimony of Mr. Haas noting that he was 38 or 39 years old when he "first came down with diabetes"). The Court is satisfied with the Secretary's concession that this evidence is sufficient to meet the "low threshold" referenced in *McLendon*. The evidence of record "indicates" that the appellant's diabetes "may be associated" with service. *McLendon*, *supra*; 38 C.F.R. § 3.159(c)(4)(i).

Finally, addressing the fourth *McLendon* prong, "if there is sufficient competent medical evidence on file for the Secretary to make a decision on the claim, he may proceed to do so without having to provide a medical examination." *McLendon*, 20 Vet.App. at 84-85. Here, there was no competent medical evidence on the issue whether the appellant's current disability was more likely than not caused by service. Here, the Board found that "there was no need for medical information."

5

Despite the evidence referenced above, the Board concluded that the duty to assist did not require VA to obtain a medical examination. R. at 10. The Board's ultimate conclusion that a medical examination was not necessary pursuant to 38 U.S.C. § 5103A(d) was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."

Therefore, the appellant's claim will be remanded in order for VA to provide such an examination, including an opinion as to whether it is at least as likely as not that the appellant's type-II diabetes mellitus was incurred in or aggravated by active service and to determine whether it is at least as likely as not that either peripheral neuropathy, nephropathy, or retinopathy (claimed as loss of eyesight) is due to service or secondary to diabetes mellitus.

On remand, the appellant is free to submit additional evidence and argument on the remanded matters, which the Board must consider when readjudicating his claim. *See Kay v. Principi*, 16 Vet.App. 529, 534 (2002); *Kutscherousky v. West*, 12 Vet.App. 369, 372-73 (1999) (per curiam order). In this regard, as noted by the Federal Circuit in its decision, the appellant is free to pursue his claim that "he was actually exposed to herbicides while on board his ship as it traveled near the Vietnamese coast." *Haas v. Peake*, 525 F.3d at 1197; *see*, *e.g.*, R. at 564 (July 2003 sworn testimony of Mr. Haas explaining that, while resupplying coastal vessels in the patrol waters off the coast of Vietnam, he saw large clouds of chemicals being dropped by aircraft and that "these large clouds would drift out over the water because of the prevailing offshore winds and they would engulf the ships, my ship in particular. Now, you could see the chemicals, you could taste them, smell them and they landed on your skin. We had Army personnel on the ship, uh, at this particular time. I inquired what the chemicals were and they told me it was Agent Orange."). The Court notes that such claim appears to be based on the assertion that the land was sprayed and the clouds of chemicals then drifted out over the water; such claim, therefore, need not depend on there being evidence "demonstrating that this ship was located in waters sprayed by herbicides." R. at 7. To the extent that the Board rejected the appellant's allegation that his ship was "enveloped by clouds of herbicide agents," the Board's determination was not supported by an adequate statement of reasons or bases. On remand, the appellant is free to clarify his argument for the Board.

On remand, the Board must consider all evidence, including lay evidence, and any Board decision on remand must include a determination on the credibility and probative value of all lay and medical evidence of record, and the Board must provide an adequate statement of the reasons

6

or bases for its decision. *See Buchanan v. Nicholson*, 451 F.3d 1331, 1336 (Fed. Cir. 2006) (discussing Board's obligations in assessing credibility of lay statements); *see also Jandreau v. Nicholson*, 492 F.3d 1372, 1377 (Fed. Cir. 2007) (holding that "[w]hether lay evidence is competent and sufficient in a particular case is a fact issue to be addressed by the Board"); *Washington v. Nicholson*, 19 Vet.App. 362, 367-68 (2005) (noting that it is the Board's responsibility to "assess the credibility of, and weight to be given to," the evidence of record). The Board and the RO must provide expeditious treatment of this matter on remand. *See* 38 U.S.C. §§ 5109B, 7112.

## III. CONCLUSION

Based on the foregoing analysis and a review of the record on appeal, the February 20, 2004, Board decision is VACATED to the extent it denied entitlement to service connection for type-II diabetes mellitus with peripheral neuropathy, nephropathy, and retinopathy on a basis other than that presumed by a veteran who "served in the Republic of Vietnam" under 38 U.S.C. § 1116, and the claim is REMANDED for further proceedings consistent with this opinion.

7