Citation Nr: 1441523 
Decision Date: 09/17/14 Archive Date: 09/22/14

DOCKET NO. 12-02 663A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in New York, New York


THE ISSUES

1. Whether new and material evidence has been received to reopen the claim for service connection for a low back disability.

2. Entitlement to service connection for a low back disability.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

The Veteran




ATTORNEY FOR THE BOARD

James A. DeFrank, Counsel


INTRODUCTION

The Veteran served on active duty from January 1973 to May 1975.

This case comes before the Board of Veterans' Appeals (Board) on appeal of a June 2011 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in New York, New York.

The Veteran provided testimony before the undersigned Veterans Law Judge at a videoconference hearing in June 2014. A transcript from this hearing is of record. 

The Board notes that, in addition to the paper claims file, there is a Virtual VA electronic claims file associated with the Veteran's claim. A review of the documents in the electronic file reveals additional evidence that will be considered by the Board in this appeal.

The issue of entitlement to service connection or a low back disability is addressed in the REMAND portion of the decision below and is REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDINGS OF FACT

1. In an August 2007 rating decision, the RO, in part, confirmed and continued the denial of service connection for residuals of a low back injury; the Veteran did not timely perfect an appeal of this determination.

2. Evidence received since the August 2007 rating decision includes evidence that is not cumulative or redundant of the evidence previously of record and relates to an unestablished fact necessary to substantiate the claim for service connection for a low a back disability.


CONCLUSIONS OF LAW

1. The August 2007 rating decision is final. 38 U.S.C.A. § 7105 (West 2002); 38 C.F.R. § 20.1103 (2013).

2. New and material evidence has been received since the August 2007 denial, and the claim of entitlement to service connection for a low back disability is reopened. 38 U.S.C.A. § 5108 (West 2002); 38 C.F.R. § 3.156(a) (2013).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Veterans Claims Assistance Act of 2000 (VCAA)

VA"s duties to notify and assist claimants in substantiating a claim for VA benefits are found at 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2002) and 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2012). See also 73 Fed. Reg. 23,353-23,356 (April 30, 2008) (concerning revisions to 38 C.F.R. § 3.159). Given the favorable disposition of the claim to reopen the claim for service connection for a low back disability, the Board finds that all notification and development actions needed to fairly adjudicate this claim have been accomplished.

Laws and Regulations

VA may reopen and review a claim that has been previously denied if new and material evidence is submitted by or on behalf of a veteran. 38 U.S.C.A. § 5108 (West 2002); 38 C.F.R. § 3.156(a) (2013). See also Hodge v. West, 155 F.3d 1356 (Fed. Cir. 1998).

The Veteran sought to reopen his claim in October 2010. In this regard, 38 C.F.R. § 3.156(a) defines "new" evidence as evidence not previously submitted to agency decision makers and "material" evidence as evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156(a) (2013). In the case of Shade v. Shinseki, 24 Vet. App. 110 (2010), the Court clarified that the phrase "raises a reasonable possibility of substantiating the claim" is meant to create a low threshold that enables, rather than precludes, reopening. Specifically, the Court stated that reopening is required when the newly submitted evidence, combined with VA assistance and considered with the other evidence of record, raises a reasonable possibility of substantiating the claim. Id. 

In determining whether new and material evidence has been received, VA must initially decide whether evidence received since the prior final denial is, in fact, new. As indicated by the regulation cited above, and by judicial case law, "new" evidence is that which was not of record at the time of the last final disallowance (on any basis) of the claim, and is not duplicative or "merely cumulative" of other evidence then of record. This analysis is undertaken by comparing the newly received evidence with the evidence previously of record. After evidence is determined to be new, the next question is whether it is material.

Furthermore, for purposes of the "new and material" analysis, the credibility of the evidence is presumed. Justus v. Principi, 3 Vet. App. 510, 512-513 (1992). 

An April 1976 rating decision denied service connection for a lumbosacral strain on the basis that residuals of a lumbosacral strain were not found on the last examination. The Veteran did not file a notice of disagreement with the April 1976 rating decision within a year following notification of the denial. Thus, it became final.

The Veteran subsequently sought to reopen this claim on several occasions, to include in April 2007. Thereafter, an August 2007 rating decision denied reopening the Veteran's claim for service connection for a low back disability as it determined that no new and material evidence had been submitted. 

The Veteran did not file a notice of disagreement with the August 2007 rating decision within a year following notification of the denial. As the Veteran did not appeal the August 2007 rating decision, that decision is now final based on the evidence then of record. See 38 U.S.C.A. § 7105; 38 C.F.R. §§ 20.302, 20.1103. 

In October 2010 the Veteran once again sought to reopen his claim. As noted, the last final denial of the claim is the August 2007 rating decision which confirmed and continued the previous denials of service connection for residuals of a lumbosacral strain. Furthermore, for purposes of the "new and material" analysis, the credibility of the evidence is presumed. Justus v. Principi, 3 Vet. App. 510, 512-513 (1992). 

Evidence received since the August 2007 rating decision includes a January 2013 lumbar spine MRI which demonstrated minimal degeneration and annular teat L4-L5 and L5-S1. In addition, in June 2014 correspondence, a private physician opined that the Veteran had chronic low back pain, that his first injury in 1975 was in service and that this injury likely contributed to his lower back pain

This new evidence raises a reasonable possibility of substantiating the Veteran's claim for service connection. As noted above, for purposes of determining whether the claim should be reopened, the evidence is presumed to be credible.

Under these circumstances, the Board concludes that the criteria for reopening the claim for service connection for a low back disability, have been met. See 38 U.S.C.A. § 5108; 38 C.F.R. § 3.156. 



ORDER

New and material evidence has been received to reopen the claim of entitlement to service connection for a low back disability and the claim is reopened.


REMAND

Following a review of the Veteran's claims file, the Board finds that further development is required prior to the adjudication of the reopened claim for service connection for a low back disability. 

VA is obliged to provide an examination when the record contains competent evidence that the claimant has a current disability or signs and symptoms of a current disability, the record indicates that the disability or signs and symptoms of disability may be associated with active service; and the record does not contain sufficient information to make a decision on the claim. 38 U.S.C.A. § 5103A (d) (West 2002). The evidence of a link between current disability and service must be competent. Wells v. Principi, 326 F.3d 1381 (Fed. Cir. 2003).

The threshold for finding a link between current disability and disease or injury in service is low. McLendon v. Nicholson, 20 Vet. App. 79 (2006). 

If the medical evidence of record is insufficient, or, in the opinion of the Board, of doubtful weight or credibility, the Board is always free to supplement the record by seeking an advisory opinion, ordering a medical examination or citing recognized medical treatises in its decisions that clearly support its ultimate conclusions. However, it is not free to substitute its own judgment for that of such an expert. See Colvin v. Derwinski, 1 Vet. App. 171, 175 (1991). 

In this case, the Veteran contends that he injured his low back in service. Service treatment records demonstrate that in March 1975 the Veteran presented with complaints of low back pain for a month after a fell and struck his back on some wood.

The Veteran underwent a VA examination in June 1975 for recurrent low back aching. X-rays of the lumbosacral spine were normal. The diagnosis was a history of lumbosacral strain which was not present on the examination.

In multiple treatment records from 1976 onward, the Veteran indicated that his low back pain began in service when he injured his back.

In June 2014 correspondence, a private physician opined that the Veteran had chronic low back pain, that his first injury in 1975 was in service and that this injury likely contributed to his lower back pain.

The Board notes that since the Veteran has yet to undergo a VA examination for his claimed low back disability during this appeal. An examination or opinion is necessary to make a decision on a claim if the evidence of record contains competent evidence that the claimant has a current disability, and indicates that the disability or symptoms may be associated with the claimant's active military history, but does not contain sufficient medical evidence to make a decision on the claim. See 38 U.S.C.A. § 5103A (d) (2); 38 C.F.R. § 3.159(c) (4); See Charles v. Principi, 16 Vet. App. 370, 374-75 (2002) (where there is competent evidence of a current disability and evidence indicating an association between the disability and active service, there must be competent evidence addressing whether a nexus exists). 

Under these circumstances, the Board finds that a specific VA examination and medical opinions-based on consideration of the Veteran's documented medical history and assertions, and supported by fully stated rationale-is needed to resolve the claims for service connection for a low back disability. See 38 U.S.C.A. § 5103A (d) (2) (West 2002 & Supp. 2013), 38 C.F.R. § 3.159(c) (4) (i) (2013); McLendon, supra.


Accordingly, the case is REMANDED for the following action:

1. The Veteran should be requested to provide the names, addresses and approximate dates of treatment of all medical care providers, VA and non-VA, who have treated him for the disability on appeal. After the Veteran has signed the appropriate releases, those records should be obtained and associated with the claims folder. 

Appropriate efforts must be made to obtain all available VA treatment records. All attempts to procure records should be documented in the file. If the AMC/RO cannot obtain records identified by the Veteran, a notation to that effect should be inserted in the file. The Veteran is to be notified of unsuccessful efforts in this regard, in order to allow him the opportunity to obtain and submit those records for VA review.

2. The Veteran should be scheduled for a VA medical examination for his low back disability with an examiner of appropriate expertise to determine the nature and etiology of such condition. The claims folder and a copy of this REMAND should be provided to the examiner for review in conjunction with this examination. The examiner should review the claims folder before examining the Veteran and this fact should be noted in the accompanying medical report.

After thoroughly describing the nature and etiology of the Veteran's low back disability, the examiner must provide an opinion whether it is at least as likely as not (i.e. a 50 percent or greater probability) that the Veteran's low back disability was incurred in or aggravated by the Veteran's active duty military service. 

A complete rationale for all opinions reached should be provided. If the examiner is unable to render any requested opinion, the examiner should explain in detail why such opinion could not rendered.

3. After completion of the above and any additional development deemed necessary, the issue on appeal should be reviewed with consideration of all applicable laws and regulations. If any benefit sought remains denied, the Veteran and his representative should be furnished a supplemental statement of the case and be afforded the opportunity to respond. Thereafter, the case should be returned to the Board for appellate review, if in order.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



______________________________________________
MICHAEL LANE
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs