Citation Nr: 1454758 
Decision Date: 12/12/14 Archive Date: 12/17/14

DOCKET NO. 08-15 196 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Oakland, California


THE ISSUES

1. Entitlement to service connection for a cervical spine disability.

2. Entitlement to service connection for a left shoulder disability.


REPRESENTATION

Appellant represented by: California Department of Veterans Affairs


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

James A. DeFrank, Counsel


INTRODUCTION

The Veteran served on active duty from June 1978 to June 1981.

This case comes before the Board of Veterans' Appeals (Board) on appeal of a February 2007 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Seattle, Washington which denied service connection for degenerative disc disease of the cervical spine and a left shoulder disability. 

Jurisdiction in this matter was transferred to the RO in Oakland, California. In a November 2013 decision, the RO, in part, confirmed and continued the denial of service connection for degenerative disc disease of the cervical spine.

The Veteran provided testimony before the undersigned Veterans Law Judge at a hearing in September 2014. A transcript from this hearing is of record. 

The Board notes that there is an electronic claims file associated with the Veteran's claim, which contains relevant evidence that will be considered by the Board in this appeal.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.







REMAND

VA is obliged to provide an examination when the record contains competent evidence that the claimant has a current disability or signs and symptoms of a current disability, the record indicates that the disability or signs and symptoms of disability may be associated with active service; and the record does not contain sufficient information to make a decision on the claim. 38 U.S.C.A. § 5103A (d) (West 2002). The evidence of a link between current disability and service must be competent. Wells v. Principi, 326 F.3d 1381 (Fed. Cir. 2003).

The threshold for finding a link between current disability and disease or injury in service is low. McLendon v. Nicholson, 20 Vet. App. 79 (2006). 

If the medical evidence of record is insufficient, or, in the opinion of the Board, of doubtful weight or credibility, the Board is always free to supplement the record by seeking an advisory opinion, ordering a medical examination or citing recognized medical treatises in its decisions that clearly support its ultimate conclusions. However, it is not free to substitute its own judgment for that of such an expert. See Colvin v. Derwinski, 1 Vet. App. 171, 175 (1991). 

Regarding the Veteran's claim for a cervical spine disability, the Veteran's service treatment records indicate that the Veteran presented with complaints of cervical pain on multiple occasions. 

The Veteran underwent a VA examination in December 2006. The examiner noted that the Veteran's service treatment records revealed that the Veteran had episodes of neck pain that began in August 1979 and continued for many months. The examiner opined that he could not resolve the issue whether his current neck pain or cervical disc disease was related to his service without resorting to mere speculation.

The Veteran again underwent a VA examination in October 2013. The examiner noted that the pain in the left side of the Veteran's trunk was an extension of pain due to cervicobrachialgia related to the cervical spine. The examiner noted that the Veteran was diagnosed with a muscle strain of the neck in August 1979 with no evidence of trauma. It was noted that there no ongoing issues after this treatment. The examiner opined that it was less likely than not that the Veteran's disability was incurred in or caused by the claimed in-service injury, event or illness as there was no biological mechanism to explain the Veteran's current cervical spine degenerative joint disease due to the one time left sided muscle strain during the Veteran's military service in 1979.

The Board finds that this examination report is inadequate. While the October 2013 VA examiner concluded that it was less likely than not that the Veteran's current cervical spine disability was related to his service, this opinion appears to be based upon a lack of an explanation relating his current cervical spine disability to the "one time" left sided muscle strain during the Veteran's military service in 1979. However, the Board notes that the while there are multiple entries related to the muscle strain in August 1979, a May 1980 service treatment report also noted that the Veteran was involved in an auto accident and presented with complaints of a sore neck. Notably, the October 2013 VA examiner did not account for this incident and instead limited his opinion to the in-service incidents related to the left side muscle strain in August 1979.

Additionally, the record contains a positive nexus opinion as a private physician in a September 2009 letter noted that he had seen the Veteran for his neck pain since 2006 and that it was likely that his current neck symptoms were a continuation of his symptoms that the Veteran described in 1979.

Accordingly, the Board finds that an additional opinion must be obtained to determine the etiology of the Veteran's current cervical spine condition, specifically taking into account all of the evidence of record including the Veteran's service treatment records which indicate that he was seen on multiple occasions for neck pain to include an instance in May 1980 after a motor vehicle accident. See Barr v. Nicholson, 21 Vet. App. 303, 311 (2007) (noting that "[o]nce VA undertakes the effort to provide an examination when developing a service connection claim, even if not statutorily obligated to do so, VA must provide an adequate one or, at a minimum, notify the [veteran] why one will not or cannot be provided"); see also Daves v. Nicholson, 21 Vet. App. 46, 51 (2007), citing Green v. Derwinski, 1 Vet. App. 121, 123-124 (1991); Bowling v. Principi, 15 Vet. App. 1, 12 (2001) (emphasizing the Board's duty to return an inadequate examination report "if further evidence or clarification of the evidence . . . is essential for a proper appellate decision").

Regarding the Veteran's left shoulder disability, the Veteran underwent a VA examination in December 2006. The examiner determined that no left shoulder pathology was noted on examination. However, subsequent x-rays of the left shoulder in December 2006 revealed minor degenerative changes in the acromioclavicular joints. The radiologist also noted a clinical history of neck pain that spread to his left shoulder.

Thus, the issue of entitlement to service connection for a left shoulder disability is inextricably intertwined with the cervical spine claim based on the December 2006 VA examiner's notation of neck pain that spread to the left shoulder and the x-ray evidence of a current left shoulder disability. See, Harris v. Derwinski, 1 Vet. App. 180 (1991). 

Accordingly, the Veteran should undergo a VA examination to determine the etiology of any current left shoulder disability.

Given the facts noted above, the Board finds that the evidence currently of record is insufficient to resolve the claims for service connection for a cervical spine disability and a left shoulder disability, and that further medical opinions in connection with these claims are warranted. See 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159(c) (4). 

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. The Veteran should be requested to provide the names, addresses and approximate dates of treatment of all medical care providers, VA and non-VA, who have treated him for the disabilities on appeal. After the Veteran has signed the appropriate releases, those records should be obtained and associated with the claims folder. 

Appropriate efforts must be made to obtain all available VA treatment records. All attempts to procure records should be documented in the file. If the AMC/RO cannot obtain records identified by the Veteran, a notation to that effect should be inserted in the file. The Veteran is to be notified of unsuccessful efforts in this regard, in order to allow him the opportunity to obtain and submit those records for VA review.

2. The Veteran should be provided an examination by an appropriate VA physician to evaluate the etiology of his claimed cervical spine disability. Based on a review of the record and an examination of the Veteran, the physician should offer an opinion as to whether it is at least as likely as not (50 percent probability or greater) that the current cervical spine disability is related to the Veteran's service. All indicated tests and studies are to be performed. 

Prior to the examination, the claims folder must be made available to the physician for review of the case. 

Opinions should be provided based on the results of examination, a review of the medical evidence of record, and sound medical principles. A detailed rationale for any opinion expressed should be provided. 

3. The Veteran should be provided an examination by an appropriate VA physician to evaluate the etiology of his claimed left shoulder disability. Based on a review of the record and an examination of the Veteran, the physician should offer an opinion as to whether the Veteran has a current left shoulder and if so, whether it is at least as likely as not (50 percent probability or greater) that such disability is related to the Veteran's service, to include as proximately due to or permanently aggravated beyond its natural progression by his claimed cervical spine disability. All indicated tests and studies are to be performed. Prior to the examination, the claims folder must be made available to the physician for review of the case. 

Opinions should be provided based on the results of examination, a review of the medical evidence of record, and sound medical principles. A detailed rationale for any opinion expressed should be provided. 

4. Thereafter, readjudicate the issues on appeal. If any benefit sought on appeal remains denied, the Veteran and his representative should be provided with a Supplemental Statement of the Case and be afforded a reasonable opportunity to respond. The case should then be returned to the Board for further appellate review, if otherwise in order.


The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
MICHAEL LANE
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).