Citation Nr: 1528191 
Decision Date: 06/30/15 Archive Date: 07/09/15

DOCKET NO. 07-40 119 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina


THE ISSUES

1. Whether new and material evidence has been received sufficient to reopen a claim of entitlement to service connection for a back disorder. 

2. Whether new and material evidence has been received sufficient to reopen a claim of entitlement to service connection for a cervical spine disorder.

3. Whether new and material evidence has been received sufficient to reopen a claim of entitlement to service connection for a foot disorder, claimed as flat feet, and as a result of a cold injury.

4. Whether new and material evidence has been received sufficient to reopen a claim of entitlement to service connection for diabetes mellitus.

5. Whether new and material evidence has been received sufficient to reopen a claim of entitlement to service connection for bilateral peripheral neuropathy.

6. Whether new and material evidence has been received sufficient to reopen a claim of entitlement to service connection for ASHD with angina and multiple heart attacks.

7. Entitlement to service connection for an acquired psychiatric disorder.

8. Entitlement to total disability based on individual unemployability (TDIU).

9. Entitlement to special monthly compensation based on aid and attendance.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESSES AT HEARING ON APPEAL

Veteran and his wife


ATTORNEY FOR THE BOARD

M.H. Stubbs, Counsel


INTRODUCTION

The Veteran served on active duty from October 1952 to October 1954.

These matters come before the Board of Veterans' Appeals (Board) on appeal from August 2006 (anxiety, back, neck and feet) and June 2014 (diabetes, peripheral neuropathy, heart disease, TDIU and aid and attendance) rating decisions by the Department of Veterans Affairs (VA) Regional Office (RO) in Winston-Salem, North Carolina.

The Veteran and his spouse appeared and testified at a personal hearing in September 2014 before the undersigned Veterans Law. A transcript of the hearing is contained in the record.

This appeal was previously before the Board in November 2014. The Board reopened the claim of entitlement to service connection for an acquired psychiatric disorder, and remanded the claims so that the treatment records could be requested, and the Veteran could be scheduled for a VA examination. The case has been returned to the Board for further appellate consideration.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The issue(s) pertaining to the new and material evidence claims, entitlement to TDIU and entitlement to special monthly compensation are addressed in the REMAND portion of the decision below and are REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDING OF FACT

Resolving reasonable doubt in the Veteran's favor, his anxiety disorder began during or was caused by his military service. 


CONCLUSION OF LAW

The criteria for service connection for an anxiety disorder have been met. 38 U.S.C.A. §§ 1110, 1131, 1153, 5103, 5103A, 5107 (West 2002 & Supp. 2014); 38 C.F.R. §§ 3.159, 3.303, 3.304, 3.307, 3.309 (2014)


REASONS AND BASES FOR FINDING AND CONCLUSION

Duties to Notify and Assist

The Veterans Claims Assistance Act of 2000 (VCAA), Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) (codified at 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, and 5126 (West 2002 & Supp. 2009)) redefined VA's duty to assist a claimant in the development of a claim. VA regulations for the implementation of the VCAA were codified as amended at 38 C.F.R. §§ 3.102, 3.156(a), 3.159, and 3.326(a).

Given the Board's favorable disposition of the claim of entitlement to service connection for an anxiety disorder, the Board finds that failure to discuss VCAA compliance will result in harmless error to the Veteran.

Service Connection

In general, service connection may be granted for disability or injury incurred in or aggravated by active military service. 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. § 3.303. Notwithstanding the above, service connection may be granted for disability shown after service, when all of the evidence, including that pertinent to service, shows that it was incurred or aggravated in service. 38 C.F.R. § 3.303(d).

To establish a right to compensation for a present disability, a Veteran must show: "(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service." Davidson v. Shinseki, 581 F.3d 1313, 1315-16 (Fed. Cir. 2009); Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

For certain chronic disorders, including psychoses, service connection may be granted if the disease becomes manifest to a compensable degree within one year following separation from service. 38 U.S.C.A. §§ 1101, 1112, 1113; 38 C.F.R. §§ 3.307, 3.309(a). Here, however, the Veteran has not been diagnosed with a psychoses, so presumptive service connection will not be further addressed.

In Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990), the United States Court of Appeals for Veterans Claims (the Court) stated that "a veteran need only demonstrate that there is an 'approximate balance of positive and negative evidence' in order to prevail." To deny a claim on its merits, the preponderance of the evidence must be against the claim. See Alemany v. Brown, 9 Vet. App. 518, 519 (1996), citing Gilbert, 1 Vet. App. at 54 .

The Veteran testified in September 2014 that his feelings of nervousness began in service. He stated that he was a truck driver in service in Korea, and that he was involved in two accidents during that period of time. On both occasions, the vehicle drive by the Veteran was rear-ended by a larger vehicle. The Veteran stated that following the accidents he was seen by field medics and given Aspirin for back pain. He testified that when he returned from service he continued to be nervous and anxiety-prone. He quickly found that he was not able to drive, and his wife testified that she has been his driver for decades. Additional statements in the record continue the Veteran's complaints of nervousness since service, and statements from his wife (since service) that his nervous symptoms have worsened from service onward.

The Veteran's service treatment records do not include complaints of psychiatric symptoms or nervousness, and he was not diagnosed with a psychiatric disorder in service. A 1958 reserve evaluation found a normal psychiatric evaluation. However, the electronic claims file does contain (not within the service treatment records but in a VBMS entry labled Third Party Correspondence received in July 1963) a February 1958 medical examination. During the examination, the Veteran had many physical complaints. After examination, however, the physician suggested the Veteran needed a "rather complete work up including psychiatric consultation." Additionally, in July 1963, the Veteran filed a claim of entitlement to service connection for hemorrhoids, chancroid and muscle spasm. However, when he was afforded a VA examination in October 1963, the examiner addressed a psychiatric disability. The October 1963 examiner noted that the Veteran had an acute anxiety reaction consisting of pains in his lower abdomen, weakness, sensation of tension, dizziness and cold sweats in June 1962. He "recovered from the acute episode, but has been in a state of anxiety since." He was noted to have chronic anxiety, which "consists of vague stomach complaints for which the Veteran is doctoring in his desultory way." The examiner found that this anxiety reaction and resultant chronic psychoneurosis, chronic anxiety reaction, were not due to his service.

A November 1963 rating decision subsequently denied entitlement to service connection for anxiety reaction. Additional rating decisions denied entitlement to service connection for posttraumatic stress disorder and an anxiety disorder with agoraphobia. Most recently, the RO denied entitlement to service connection for psychiatric disorders in the appealed August 2006 rating decision. The Board reopened the claim in the November 2014 decision, and remanded the claim for a VA examination and nexus opinion.

In adjudicating a claim, the Board must assess the competence and credibility of the Veteran. See Buchanan v. Nicholson, 451 F.3d 1331 (Fed. Cir. 2006); Washington v. Nicholson, 19 Vet. App. 362, 368-69 (2005). In the November 2014 decision, the Board noted that the Veteran was competent to report on his in-service feelings of nervousness, and the Board "found his assertions relating to the claimed in-service experiences and continuing anxiety and depression to be credible."

In February 2015, the Veteran was afforded a VA psychiatric examination. The examiner diagnosed the Veteran with unspecified anxiety disorder. The Veteran reported that during service in Korea there was "too much work and not enough rest," and he described his two motor vehicle accidents, without injuries. The examiner found that "by his reported history alone his anxiety symptoms began in service. There is no other information to confirm this. Based on self-report alone, it is at least as likely as not that his anxiety symptoms began while in service."

As noted above, the Veteran currently has a diagnosis of an anxiety disorder, he was noted to have somatic complaints as early as 1958, and an October 1963 examiner associated similar somatic complaints in 1962 to a diagnosis of psychoneurosis. The evidence of a link between current disability and service must be competent. Wells v. Principi, 326 F.3d 1381 (Fed. Cir. 2003). Lay testimony is competent to establish the presence of observable symptomatology and "may provide sufficient support for a claim of service connection." Layno, 6 Vet. App. at 469. As the 2015 examiner noted that the Veteran's description of symptoms in service was likely the onset of his anxiety disorder, resolving reasonable doubt in the Veteran's favor, the Board finds that his current anxiety disorder is related to his military service. The medical and lay evidence for the claim and the evidence against the claim are at least in equipoise. Accordingly, the benefit-of-the-doubt rule applies and service connection for an anxiety disorder is warranted. See 38 U.S.C.A. § 5107; Gilbert v. Derwinski, 1 Vet. App. 49 (1990).


ORDER

Entitlement to service connection for an anxiety disorder is granted.


REMAND

Unfortunately, a remand is required in regards to the Veteran's remaining claims. Although the Board sincerely regrets the additional delay, it is necessary to ensure that there is a complete record upon which to decide the Veteran's claims so that he is afforded every possible consideration. Such development would ensure that his due process rights, including those associated with 38 U.S.C.A. §§ 5102, 5103, 5103A, 5107, and 38 C.F.R. §§ 3.102, 3.156(a), 3.159, and 3.326, are met.

Back, neck, and feet

In the November 2014 remand, the Board found that in August 2012 the Veteran had submitted VA form 21-4142, Authorization and consent to Release Information to the VA, authorizing VA to obtain his treatment records from Dr. V. and Dr. G.Z.. Although there is a limited duty to assist a Veteran in an attempt to reopen a claim on the basis of new and material evidence, as the Veteran (or his fiduciary/wife) identified potentially relevant treatment records and asked for VA's help in obtaining these records, the Board directed that the RO attempt to obtain records for any submitted authorizations. 

Following the remand directives, the RO sent the Veteran a request for updated authorizations for Drs. V. and G.Z. on January 20, 2015. A Supplemental Statement of the Case (SSOC) was issued in February 2015. However, the Veteran submitted the additional authorizations in May 2015. On remand, the RO should again attempt to obtain any relevant records from providers, authorized by the Veteran.

Diabetes, peripheral neuropathy

In a June 2014 rating decision, the RO found that new and material evidence was not provided sufficient to reopen claims of entitlement to service connection for diabetes mellitus, peripheral neuropathy, and ASHD with angina and multiple heart attacks; additionally, TDIU and SMC were denied.

In June 2014, a notice of disagreement was provided for the new and material evidence claims. The paperwork has a small scribbled beginning of a name which is circled, and then it is signed by the Veteran's wife. On the margin of the notice of disagreement, handwritten by the RO, is "not a valid NOD (not signed by vet)." The Board notes that the scribbled and circled notation on the NOD is likely the Veteran's signature, as he is known to have tremors. Additionally, the Veteran's wife is his fiduciary. As such, the Board finds that the June 2014 statement was a valid NOD, and the RO must provide a Statement of the Case for these remanded issues. See Manlicon v. West, 12 Vet. App. 238 (1999).

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)


Accordingly, the case is REMANDED for the following action:

1. With any necessary authorization from the Veteran, obtain all of his outstanding records from Dr. V., Dr. G.Z., VA Medical Center Winston-Salem, and any additionally reported treatment providers. All attempts to locate these records must be documented in the claims folder.

If VA is unable to secure these records, VA must notify the Veteran and (a) identify the specific records VA is unable to obtain; (b) briefly explain the efforts that VA made to obtain those records; (c) describe any further action to be taken by VA with respect to the claims; and (d) notify him that he is ultimately responsible for providing the evidence. 38 U.S.C.A. § 5103A(b)(2); 38 C.F.R. § 3.159(e)(1).

2. In response to the Veteran's June 2014 notice of disagreement, take all indicated action pursuant to 38 U.S.C.A. § 7105, and provide a Statement of the Case (SOC) regarding those issues. Only if the Veteran perfects a timely appeal should this matter be certified and returned to the Board and after any necessary development has been completed.

3. When the development has been completed, the case should be reviewed by the RO/AMC on the basis of additional evidence. If the benefits sought are not granted, the Veteran and his representative should be furnished a Supplemental Statement of the Case (for his back, neck and feet claims) and be afforded a reasonable opportunity to respond before the record is returned to the Board for further review.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




______________________________________________
DAVID L WIGHT
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs