Citation Nr: 1722226 
Decision Date: 06/15/17 Archive Date: 06/29/17

DOCKET NO. 09-07 338 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Detroit, Michigan


THE ISSUE

Entitlement to service connection for residuals of a broken nose.


REPRESENTATION

Veteran represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

R. R. Watkins, Associate Counsel


INTRODUCTION

The Veteran served on active duty from June 1982 to September 1982. The Veteran also has service with the United States Army Reserves from August 1984 to August 1991.

This case comes before the Board of Veterans' Appeals (Board) on appeal from a February 2008 rating decision of the Detroit, Michigan, Department of Veterans Affairs (VA) Regional Office (RO). 

In July 2012, the Veteran testified at a hearing before the undersigned. A transcript of the proceedings has been associated with the record. 

In May 2014, the Board denied the Veteran's claim of entitlement to service connection for residuals of a broken nose. 

The Veteran appealed the Board's decision to the United States Court of Appeals for Veterans Claims (Court). In November 2015, the Court issued a Memorandum Decision vacating and remanding the Board's May 2014 decision.

In May 2016, the Board remanded the case to the Agency of Original Jurisdiction (AOJ) for development in accordance with the Court's November 2015 Memorandum Decision.


FINDING OF FACT

Sinusitis, claimed as residuals of a broken nose, is not etiologically related to the Veteran's active service.





CONCLUSION OF LAW

The criteria for entitlement to service connection for residuals of a broken nose have not been met. 38 U.S.C.A. §§ 1131, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.159, 3.303 (2016).


REASONS AND BASES FOR FINDING AND CONCLUSION

VA's Duty to Notify and Assist

When VA receives a complete or substantially complete application for benefits, it must notify the claimant of the information and evidence not of record that is necessary to substantiate a claim, which information and evidence VA will obtain, and which information and evidence the claimant is expected to provide. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126; 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a); see Quartuccio v. Principi, 16 Vet. App. 183 (2002); Pelegrini v. Principi, 18 Vet. App. 112 (2004). 

VA provided the Veteran a notice letter in March 2007 that fully addressed all notice elements. The letter informed the Veteran of what evidence was required to substantiate his underlying claim, and of the Veteran's and VA's respective duties for obtaining evidence. The Veteran has been afforded a meaningful opportunity to participate effectively in the processing of his claim and given ample time to respond. The Board finds that all notices required by VCAA and implementing regulations were furnished to the Veteran and that no useful purpose would be served by delaying appellate review to send out additional VCAA notice letters. 

VA must also make reasonable efforts to assist the appellant in obtaining evidence necessary to substantiate the claim for the benefit sought, unless no reasonable possibility exists that such assistance would aid in substantiating the claim. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159. 

Service treatment records (STRs) are associated with claims file. All post-service treatment records identified by the Veteran have also been obtained. The Veteran was afforded a VA examination in October 2016. As the examination included a review of the pertinent medical history, clinical findings, and diagnosis, and was supported by medical rationale, the Board finds that the evidence is adequate to make a determination on this claim. See Barr v. Nicholson, 21 Vet. App. 303 (2007). The Veteran has not identified any additional records that should be obtained prior to a Board decision. Therefore, VA's duty to further assist the Veteran in locating additional records has been satisfied. See 38 U.S.C.A. 
§ 5103A(d); see also 38 C.F.R. § 3.159 (c)(4); Wells v. Principi, 326 F.3d 1381 (Fed. Cir. 2003). 

In July 2012, the Veteran testified at a Board hearing. Neither the Veteran nor his representative have identified any prejudice in the conduct of the hearing, and the record reflects that the undersigned Acting Veterans Law Judge (AVLJ) identified the issue on appeal, elicited testimony on the elements necessary to substantiate the appeal, and sought to identify any further necessary development to substantiate the claim. These actions satisfied the duties a VLJ has to explain fully the issue and to suggest the submission of evidence that may have been overlooked. See 38 C.F.R. § 3.103(c)(2); see also Bryant v. Shinseki, 23 Vet. App. 488, 492 (2010).

In May 2016, the Board remanded the Veteran's claim to provide him with a VA examination to determine nature and etiology of the claimed residuals of a broken nose and to obtain medical records related to the Veteran's 1990 sinus surgery. In September 2016, the AOJ was notified that records pertaining to the Veteran's sinus surgery were destroyed. The Veteran was notified of the unavailability of the medical records in the October 2016 supplemental statement of the case. As the records have been destroyed, further attempts to obtain them would be futile. A remand is not required to make an additional attempt to recover the 1990 surgical records. See Golz v. Shinseki, 590 F.3d 1317, 1322 (2010). As the requested development has been completed, no further action to ensure compliance with the remand directive is required. Stegall v. West, 11 Vet. App. 268 (1998).

In light of the foregoing, the Board is satisfied that all relevant facts have been adequately developed to the extent possible; no further assistance to the Veteran in developing the facts pertinent to the issue on appeal is required to comply with the duty to assist. 38 U.S.C.A. §§ 5103, 5103A; 38 C.F.R. § 3.159.

Merits of the Claim

Under 38 U.S.C.A. § 7104, Board decisions must be based on the entire record with consideration of all the evidence. The law requires only that the Board address its reasons for rejecting evidence favorable to the claimant. Timberlake v. Gober, 14 Vet. App. 122 (2000). The Board must review the entire record, but does not have to discuss each piece of evidence. Gonzales v. West, 218 F.3d 1378 (Fed. Cir. 2000). 

VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the Veteran prevailing in either event, or whether a preponderance of the evidence is against the claim, in which case the claim is denied. 38 U.S.C.A. § 5107; Gilbert v. Derwinski, 1 Vet. App. 49 (1990). When there is an approximate balance of positive and negative evidence regarding any issue material to the determination, the benefit of the doubt is afforded the claimant. 

Service connection may be established for disability resulting from personal injury suffered or disease contracted in the line of duty in the active military, naval, or air service. 38 U.S.C.A. § 1131; 38 C.F.R. § 3.303. That an injury or disease occurred in service is not enough; there must be chronic disability resulting from that injury or disease. In order to prevail on the issue of service connection there must be competent evidence of a current disability; medical evidence, or in certain circumstances, lay evidence of in-service occurrence or aggravation of a disease or injury; and competent evidence of a nexus between an in-service injury or disease and the current disability. See Hickson v. West, 12 Vet. App. 247, 253 (1999); Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007); Buchanan v. Nicholson, 451 F.3d 1331 (Fed. Cir. 2006). 

The Veteran asserts that entitlement to service connection is warranted for residuals of a broken nose. At the July 2012 Board hearing, the Veteran testified that he suffered a broken nose during his military service. Specifically, in June 1985, the Veteran explained that he was following a fellow soldier up a hill when the soldier in front of him released a tree branch that scratched his eye and broke his nose. The Veteran stated that he was treated for his eye and nose, but since the incident, he has endured sinus problems, especially a sinus drip. The Veteran contends that service connection is warranted for residuals of a broken nose. 

While the record supports the Veteran's contention that he was injured by a tree branch in June 1985, there is no objective evidence in the STRs that this incident caused injury to his nose. 

In October 2016, the Veteran was afforded a VA examination to determine the nature and etiology of his claimed residuals of broken nose. The VA examiner indicated that the Veteran was diagnosed with chronic sinusitis in 1999. The VA examiner reported that the Veteran suffered a nasal fracture at age 17 prior to service and did not have any problems due to his fracture. He acknowledged the Veteran's claim of suffering a broken nose in June 1985 after being struck by a tree branch in service and had sinus symptoms since that incident. In 1990, the Veteran had nasal surgery for polyp removal. He endorsed constant sinus pressure with post nasal drip since his nasal surgery. Upon examination, the Veteran was diagnosed with sinusitis that affected the maxillary and frontal sinuses. The VA examiner opined that the Veteran's diagnosis of residuals of broken nose was less likely than not incurred in or caused by the broken nose during service. He indicated that he considered the Veteran's lay statements, STRs, and post-service treatment records. He elaborated that the STRs documented that the Veteran was hit by a tree branch in 1985. However, the medical notes and examination only documented a corneal abrasion injury to the eye. There was no documentation of a bloody nose or nasal trauma. There were no other records of nasal trauma in service. The first medical documentation of sinus complaints was in 1990. The surgical report from 1990 was not available for review. The first documented diagnosis of sinusitis in the medical records was in 1999. There was no medical evidence to relate the Veteran's sinusitis to active service. Thus, the examiner provided a negative nexus opinion.
There are no other medical opinions of record. 

The Veteran contends his sinusitis is related to being struck by a tree branch in service. He is competent to describe the symptoms that he has experienced upon being hit by a tree branch and the symptoms he experienced since that time. See Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007) (noting general competence to testify as to symptoms but not to provide medical diagnosis). However, the Board finds that the findings of the VA examiner are of greater probative value than the Veteran's lay statements. The VA examiner's opinion was based upon examination of the Veteran, consideration of his lay assertions, and the VA examiner's medical expertise. Thus, the Board finds the medical evidence on this point to be of greater probative value than the Veteran's lay contentions. 

Accordingly, the Board concludes that the preponderance of the evidence is against the claim for service connection for residuals of a broken nose, and the benefit of the doubt rule does not apply. See 38 U.S.C.A. § 5107. 


ORDER

Service connection for residuals of a broken nose is denied.




____________________________________________
CHRISTOPHER MURRAY
Acting Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs